UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELENA GHERGHEL,
ANDRI GHERGHEL,
and E & A, LLC,

    Plaintiffs,

v.

CANTON TOWNSHIP,
and FRANK BARRETT,

    Defendants.
    _____/

Case No. 10-cv-12065

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
AND FOR A PRELIMINARY INJUNCTION** (docket no. 2)

On May 21, 2010, Plaintiffs filed a complaint and a motion for an ex parte emergency temporary restraining order ("TRO") and a preliminary injunction. In the complaint, Plaintiffs allege that Defendant Fire Marshal, Frank Barrett, acted in a discriminatory manner by issuing the Plaintiffs nine citations for being in violation of the Defendant Canton Township's ("Township") Fire Code. Plaintiffs also allege that Canton Township acted in a discriminatory and arbitrary manner in refusing to issue building permits that would allow the Plaintiffs to bring their commercial property up to the standards required by the Fire Code.

The Defendants have responded to Plaintiffs' motion and the Court held a hearing on the matter on May 27, 2010. At the hearing, the Court encouraged the parties to work together to reach an amicable resolution to the matter and report back to the Court within 24 hours with the result of the negotiations. The Court received notice that the parties were

unable to resolve the matter on their own, thereby necessitating this order. For the reasons stated below, the Court will deny Plaintiffs' motion.

## PRELIMINARY FINDINGS OF FACT

The following facts are taken from the complaint, Plaintiffs' motion and Defendants' response thereto, and the documentation submitted to the Court.

Plaintiffs own commercial real property in Canton Township upon which they operate a salvage yard and an automotive parts retail store. In July 2007, Defendant Frank Barrett, acting in his capacity as the Township's Fire Marshal, issued Plaintiffs nine criminal misdemeanor tickets for various fire code violations. He barred Plaintiffs from reentering the premises without notice and approval of the Township.

After a trial on the fire code misdemeanor violations in Michigan's 35th District Court, a jury convicted Plaintiffs on three of the nine alleged violations, and acquitted on the other six. Plaintiffs were found guilty of maintaining an unsafe building, and failing to maintain both a sprinkler system and sprinkler system records. Plaintiffs were sentenced to fines and probation, and ordered to remedy the violations. If Plaintiffs were unable to repair the deficiencies in the fire suppression system by May 28, 2010, they were required to vacate the property. *See* docket no. 10, ex. 1.

Plaintiffs require the appropriate building permits so that they might renovate the fire sprinkler system. But Plaintiffs so far have been unsuccessful in obtaining the permits from the Township. The Township has denied permits citing Plaintiffs' lack of an approved site plan. Plaintiffs allege that they submitted a site plan that was orally approved by Barrett, who told them to obtain the necessary building permits from the Township for the fire suppression system renovations. Records from the state court proceeding indicate, however, that Plaintiffs were never able to obtain a site plan approval, which prevented

them from obtaining the necessary building permits. *See* docket no. 10, ex. 1, at 3. Defendants also submitted copies of various letters they sent Plaintiffs indicating that the proposed site plan had been denied. *See* docket no. 10, ex. 3. Also, a letter from the Township to Plaintiffs' counsel indicates that the building permits were denied because of a lack of an approved site plan. Once a site plan had been approved and Plaintiffs obtained a certificate of occupancy, the letter states, Plaintiffs are welcome to submit proper documentation requesting building permits. *See* Docket no. 10, ex. 4. It is clear from the record, therefore, that regardless of what Barrett may have told them, Plaintiffs have been unable to obtain an approved site plan that would allow them to be able to obtain the necessary building permits.

Unable to reach a resolution, Plaintiffs filed suit in this court. Plaintiffs allege that the Township is being unreasonable in withholding approval of a site plan and not issuing the required permits. They further allege that the Township has done so because the Plaintiffs are Romanian and because the Township is prejudice towards their ethnicity, and wishes Plaintiffs to relocate their business to a different city. Plaintiffs claim the Township has violated the Equal Protection Clause through its discriminatory conduct. Plaintiffs also assert that Defendant Fire Marshal is also prejudiced against their national origin, but provides no support for the claim, other than a statement about the Marshal allegedly made about "wild Albanians." Plaintiffs request injunctive relief and damages in excess of $3.5 million.

## DISCUSSION

The decision of whether to issue a preliminary injunction or TRO lies within the sound discretion of the district court. *See Golden v. Kelsey-Hayes*, 73 F.3d 648, 653 (6th Cir. 1996). The purpose of a preliminary injunction is merely to preserve the status quo until

3

a trial on the merits can be held. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *Certified Restoration Dry Cleaning Network, L.L.C., v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to grant such an "extraordinary remedy" a district court must consider four factors: 1) whether the movant has a strong likelihood of succeeding on the merits; 2) whether the movant will suffer irreparable injury absent the injunction; 3) whether issuing the injunction will cause substantial harm to others; and 4) whether the public interest will be furthered by the issuance of the injunction. *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). These factors simply guide the court's discretion and not are "rigid and unbending requirements." *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997). A district court is not required to make specific findings concerning each of the four factors if fewer factors are dispositive of the issue. *See Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). A court considers the same factors when deciding whether to issue a TRO. *See N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir.2006).

The Court will deny Plaintiffs' request for a preliminary injunction and TRO because Plaintiffs have failed to demonstrate that they are likely to succeed on the merits of their claims and that they will be irreparably injured if injunctive relief is not granted.

First, Plaintiffs have not demonstrated that they are likely to succeed in their claim that the Township acted with a discriminatory animus when it denied their building permits. Plaintiffs sue under 28 U.S.C. § 1983, the statutory vehicle for enforcing violations of

4

constitutional rights. In *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be considered "persons" under § 1983, and found liable, only where the municipality *itself* causes the constitutional violation at issue. *Id.* at 694-95. "It is only when the execution of the government's policy or custom ... inflicts the injury that the municipality may be held liable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "Thus, the first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id.* Plaintiffs have not alleged an unconstitutional custom or policy pursuant to which the Township acted in denying Plaintiffs' permits. Absent such an allegation, a claim against the Township fails.

The Court also finds that Plaintiffs' claim against Barrett in his capacity as the Township's fire marshal is not likely to succeed. To succeed on a claim under the Equal Protection Clause, a plaintiff must prove that a state actor intentionally discriminated against the plaintiff because of membership in a protected class. *See Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000). The only factual basis supporting Plaintiffs' equal protection claim against Barrett is that he allegedly made a comment in judicial chambers during the state court proceedings that Plaintiffs "scattered like a bunch of wild Albanians,"[1] apparently when he entered the premises and issued the violations. This single comment, without more, does not establish a discriminatory animus on the part of Barrett against Plaintiffs. The Court finds that Plaintiffs have not demonstrated that they are likely to succeed on their equal protection claim against Barrett in his capacity as Fire Marshal.

---

[1] Plaintiffs are from Romania, not Albania. Compl. ¶ 9.

5

Accordingly, because Plaintiffs have not demonstrated that they are likely to succeed on their equal protection claims against Canton Township or Barrett, the first factor weighs heavily in favor of Defendants.

Second, Plaintiffs have not demonstrated that they will suffer irreparable injury absent injunctive relief. Plaintiffs claim they will suffer catastrophic and irreparable injuries to their business reputation and good will if they are prevented from complying with the 35th District Court's sentence and removed from the property. The Sixth Circuit, and district court within, have routinely held that company's substantial loss of market share, complete dissolution, or even bankruptcy do not constitute irreparable harm because such harm can be compensated by money damages. *See Essroc Cement Corp. v. CPRIN, Inc.*, 593 F. Supp. 2d 962, 969 (W.D. Mich. 2008) (*citing Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir.1991)). Even if such injury could constitute "irreparable injury," Plaintiffs have submitted no evidence of such injury, such as bank statements or balance sheets.

Plaintiffs also claim that absent an injunction, the sentence will be imposed and they will be forever barred from reentering their premises and using their property in any beneficial way. They acknowledge, however, that they have appealed their conviction and sentence and it remains pending. If the convictions and sentence are reversed, Plaintiffs will not suffer such injury. Plaintiffs arguments are therefore more appropriately raised in their state appeal.

Thus, the Plaintiffs have not demonstrated they would suffer irreparable injury absent an injunction, and this second factor weighs in favor of Defendants as well.

Because the Court finds that the first two (and most important) factors of the preliminary injunction / TRO test weigh heavily in favor of Defendants, the Court need not address the second two factors. *See Jones*, 341 F.3d at 476 (district court not required to

6

make specific findings concerning each of the four factors if fewer factors are dispositive of the issue).

Additionally, apart from Plaintiffs' failure to establish their entitlement to equitable relief generally, even if the Court were inclined to grant equitable relief, it would be unable to order the specific relief they request. Plaintiffs ask the Court to stay the sentence imposed by the 35th District Court and prevent Defendants from executing the sentence. Putting aside thorny legal issues regarding state-federal comity interests, the Court could not order such relief because the presiding judge in that matter is not named as a party in this action. Fed. R. Civ. P. 65 governs the issuance of preliminary injunctions and TROs. It provides that an injunction may bind only the parties; the parties' officers, agents, servants, employees, and attorneys; or other persons who are in active concert or participation with the parties or their associates. Fed. R. Civ. P. 65(d). The presiding judge of the 35th District Court does not fall into any of these above categories of persons.

Plaintiffs also request that the Court order the Defendants to issue the permits requested by Plaintiffs so they can renovate their buildings and comply with the sentence. The Court is in no position to pass on the propriety of whether such permits should issue. This is a matter best left for experts in civic planning, a specialty in which this Court does not engage. Even if Plaintiffs had demonstrated their right to injunctive relief generally, the Court would be unable to grant the specific relief they request.

## CONCLUSION AND ORDER

Plaintiffs have failed to establish their entitlement to a temporary restraining order and preliminary injunction and their motion will be denied.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' motion for an ex parte temporary restraining order and preliminary injunction (docket no. 2) is **DENIED.**

7

**SO ORDERED.**

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: June 1, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 1, 2010, by electronic and/or ordinary mail.

                                              Alissa Greer
                                              Case Manager