UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELENA GHERGHEL, ANDRI GHERGHEL,
and E & A, LLC,

    Plaintiffs,

v.

CANTON TOWNSHIP, and FRANK
BARRETT,

    Defendants.
_____/

Case No. 10-cv-12065

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
IN PART DEFENDANTS' MOTION TO DISMISS ON
GROUNDS OF ABSTENTION** (docket no. 37)**, DENYING WITHOUT
PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
(docket no. 41)**, DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION
FOR SANCTIONS** (docket no. 51)**, AND ADMINISTRATIVELY CLOSING THE CASE**

    Plaintiffs Andri and Elena Gherghel and their company, E&A LLC, own real property in Canton Township, Michigan. They run an automotive parts business out of a building located there. In this action, Plaintiffs ask the Court to order the Township to issue building permits that will enable Plaintiffs to bring their fire suppression system up to code. They contend that the Township acted arbitrarily in denying the permit applications, and that the Township's Fire Marshall, Frank Barrett, acted in a discriminatory manner by issuing nine misdemeanor tickets to Elena Gherghel and later having her prosecuted, instead of issuing civil notices of the building's non-compliance and later reinspecting the building. The Court already denied Plaintiffs' motion for a temporary restraining order and preliminary injunction, finding little likelihood that Plaintiffs would succeed on the merits of their claim under equal protection — the only claim raised in Plaintiffs' motion for a preliminary injunction. Plaintiffs subsequently obtained new counsel and filed an amended complaint.

Before the Court are Defendants' 1) motion to dismiss on grounds of abstention, 2) motion for summary judgment, and 3) motion for sanctions under Rule 11. The Court held a hearing on the first two motions on May 12, 2011 (the Rule 11 motion was filed the morning of the hearing and has not been fully briefed). For the reasons stated below, the Court will grant in part Defendants' motion to dismiss the action on grounds of abstention. Instead of dismissing the action, however, the Court will stay it pending the resolution of the state criminal proceedings. Defendants' motions for summary judgment and for sanctions will be denied without prejudice to renewal if and when the stay is lifted.

## BACKGROUND FACTS

The Court set forth the following facts in its order denying Plaintiffs' motion for a temporary restraining order and preliminary injunction:

> Plaintiffs own commercial real property in Canton Township upon which they operate a salvage yard and an automotive parts retail store. In July 2007, Defendant Frank Barrett, acting in his capacity as the Township's Fire Marshal, issued Plaintiffs nine criminal misdemeanor tickets for various fire code violations. He barred Plaintiffs from reentering the premises without notice and approval of the Township.
>
> After a trial on the fire code misdemeanor violations in Michigan's 35th District Court, a jury convicted Plaintiffs on three of the nine alleged violations, and acquitted on the other six. Plaintiffs were found guilty of maintaining an unsafe building, and failing to maintain both a sprinkler system and sprinkler system records. Plaintiffs were sentenced to fines and probation, and ordered to remedy the violations. If Plaintiffs were unable to repair the deficiencies in the fire suppression system by May 28, 2010, they were required to vacate the property. *See* docket no. 10, ex. 1.
>
> Plaintiffs require the appropriate building permits so that they might renovate the fire sprinkler system. But Plaintiffs so far have been unsuccessful in obtaining the permits from the Township. The Township has denied permits citing Plaintiffs' lack of an approved site plan. Plaintiffs allege that they submitted a site plan that was orally approved by Barrett, who told them to obtain the necessary building permits from the Township for the fire suppression system renovations. Records from the state court proceeding indicate, however, that Plaintiffs were never able to obtain a site plan approval, which prevented them from obtaining the necessary building permits. *See* docket no. 10, ex. 1, at 3.

>Defendants also submitted copies of various letters they sent Plaintiffs indicating that the proposed site plan had been denied. *See* docket no. 10, ex. 3. Also, a letter from the Township to Plaintiffs' counsel indicates that the building permits were denied because of a lack of an approved site plan. Once a site plan had been approved and Plaintiffs obtained a certificate of occupancy, the letter states, Plaintiffs are welcome to submit proper documentation requesting building permits. *See* Docket no. 10, ex. 4. It is clear from the record, therefore, that regardless of what Barrett may have told them, Plaintiffs have been unable to obtain an approved site plan that would allow them to be able to obtain the necessary building permits.
>
>Unable to reach a resolution, Plaintiffs filed suit in this court.

Order of June 1, 2010, 2-3.

Plaintiffs allege in their second amended complaint that Defendants have violated Plaintiffs' rights to procedural and substantive due process and have enforced the law in a discriminatory manner. They ask the Court to order the Township to issue the building permits Plaintiffs require to remedy their fire suppression system, and to order the Township to provide adequate water pressure to Plaintiffs' property to allow the fire suppression system to meet code requirements. Plaintiffs' also seek money damages.

The state criminal proceedings against plaintiff Elena Gherghel remain pending. On March 18, 2011, Judge Lawrence Talon of Michigan's Wayne County Circuit Court affirmed Elena Gherghel's convictions and sentence, finding that the Township had authority under the ordinance to issue misdemeanor citations and try Elena Gherghel criminally for ordinance violations. He rejected the argument that the trial court abused its discretion in refusing to dismiss the criminal complaint on grounds that the International Fire Code adopted by the Township permitted the Township only to issue civil infractions for the alleged ordinance violations, allow a grace period to cure, and then re-inspect the premises. Judge Talon also concluded that Elena Gherghel's sentence was valid. Gherghel had argued that her sentence was impossible to carry out because the Township

had refused to issue the building permits necessary to allow her to correct the deficiencies in the building's fire suppression system. Judge Talon agreed that no authority required the Township to ignore its own requirement that a site plan be approved and certificate of occupancy be obtained before it issued permits.

On May 2, 2011, Elena Gherghel filed a motion for leave to appeal Judge Talon's order in the Michigan Court of Appeals. That application remains pending.

## DISCUSSION

I. Legal Standard - Rule 12(b)(1)

Civil Rule 12(b)(1) is the procedural vehicle for challenging a federal district court's exercise of its subject-matter jurisdiction. A Rule 12(b)(1) motion can either attack a claim of jurisdiction "on its face, in which case all allegations of the plaintiff must be considered as true," or can target the "factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Abbott v. Michigan*, 474 F.3d 324, 327 (6th Cir. 2007) (citation and internal quotation marks omitted). Because Defendants have challenged the Court's jurisdiction by referencing materials outside the complaint, the Court considers the attack as a factual one, though the Court recognizes this characterization is not quite apt, given the absence of factual issues to resolve to determine whether jurisdiction exists and should be exercised.

II. Abstention

Defendants have moved to dismiss the complaint for lack of subject-matter jurisdiction under: 1) the *Rooker-Feldman* doctrine; 2) *Younger* abstention; and 3) *Colorado River* abstention. Only *Younger* abstention applies in this instance.[1]

---

[1] Because the result is the same under *Younger* and *Colorado River* — staying the action — the Court will not address Defendants' arguments under *Colorado River*.

4

A. *Rooker-Feldman*

Defendants seek first to have the entire action dismissed under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). The doctrine does not apply here.

"The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered *before* the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284 (emphasis added). "The doctrine is not applicable . . . where 'there is parallel state and federal litigation,' even if a final judgment is entered in state court while the federal suit is still pending." *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 449 (E.D. Mich. 2006) (quoting *Exxon Mobil*, 544 U.S. at 292). "[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court." *Exxon Mobil*, 544 U.S. at 292.

Because there is no dispute that the state action was pending when this action was filed, the *Rooker-Feldman* doctrine does not apply. *See, e.g.*, *Kircher*, 458 F. Supp. 2d at 449 ("Under these circumstances, where the three state court actions cited in Plaintiff's complaint had yet to reach their conclusion at the time this federal suit was commenced, and where at least some state court proceedings remain pending even as of the present date, the *Rooker-Feldman* doctrine does not mandate the dismissal of this case for lack of subject matter jurisdiction.").

B.  *Younger*

The *Younger* abstention doctrine derives its name from the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971).  Where the doctrine applies, a federal district court must either stay or dismiss the action pending resolution of state-court proceedings that involve issues similar to those presented in the federal action.  In the words of the Supreme Court:

> *Younger v. Harris* . . . and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.  The policies underlying *Younger* abstention have been frequently reiterated by this Court. The notion of "comity" includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."  Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights.

*Middlesex Cnty. Ethics Comm'n. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (citation and footnote omitted).

Three requirements must be satisfied for a court to abstain under *Younger*.  The challenged state proceedings must 1) be currently pending, 2) involve an important state interest, and 3) afford the plaintiff an adequate opportunity to raise constitutional claims. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).  While *Younger* itself involved an explicit request that a federal court enjoin pending state criminal proceedings, the doctrine has been extended to apply to federal actions brought under 42 U.S.C. § 1983 that seek only money damages but still implicate state proceedings.  *See id.* ("Carroll's appeal concerns whether *Younger* abstention applies to a federal action seeking only monetary damages and whether the District Court should stay or dismiss those claims under *Younger*."); *see also id.* at 1077 (Moore, J., concurring in part and

6

dissenting in part) ("Today, the majority opinion aligns our circuit with those circuits applying *Younger* abstention to § 1983 damages actions.").

In *Carroll*, the plaintiff was the owner of two rooming houses in Mt. Clemens, Michigan that had communal bathrooms. 139 F.3d at 1073-74. The city enacted an ordinance requiring all such houses to have separate bathrooms in each dwelling unit. *Id.* at 1074. The city initiated civil enforcement actions against the properties in state court seeking to enjoin their continued use without individual bathrooms. *Id.* As an affirmative defense, Carroll argued that the ordinance discriminated against the poor, thus depriving them of the equal protection of the laws. Carroll also counterclaimed for injunctive relief and damages alleging violations of state and federal law. Not stopping there, Carroll also filed an action in a federal district court under § 1983 and the federal Fair Housing Act, 42 U.S.C. § 3604, seeking damages from the city, its attorney, and various city officials responsible for approving the ordinance. *Id.* Affirming the district court's application of *Younger*, the Sixth Circuit held that the federal action should be stayed until the state court action had been finally resolved:

> Carroll's present federal action for damages under 42 U.S.C. § 1983 and the Fair Housing Act is a textbook case for *Younger* abstention. The city's civil enforcement action against her is currently pending in state court, those proceedings involve the state's important interest in enforcing its state and local housing codes, and Carroll may raise all of her claims — state, federal, and constitutional — under the state court's general and concurrent jurisdiction.

*Id.* at 1075.

Similarly, each requirement is satisfied here. First, there is a pending state action sufficiently similar to the instant action. Plaintiffs' claims in this action relate to their continued use of their property in the Township, property the Township seeks to prevent Plaintiffs' from occupying due to non-compliance with the Township's fire code. The state

action involves the very same property at issue in the federal action. Elena Gherghel, as the property's owner, was found guilty in the state action for failing to maintain an adequate fire suppression system on the property. In the federal action, she asks the Court to order the Township to issue her the building permits to allow her to comply with her sentence to remedy the fire system. She argued unsuccessfully in state court that she was not required to obtain site plan approval and a certificate of occupancy before the Township could issue the building permits. She makes the very same argument here. Were the Court to rule in Plaintiffs' favor and order the Township to issue the building permits despite Plaintiffs' lack of a site plan and certificate of occupancy, it would interfere with the ongoing state proceedings and the enforcement of the state court's judgment, which apparently requires her to obtain site plan approval before obtaining the necessary building permits. *See, e.g.*, *Cmty. Treatment Centers, Inc. v. City of Westland*, 970 F. Supp. 1197, 1223 (E.D. Mich. 1997).

And, to award Plaintiffs damages under § 1983, the Court necessarily would have to interfere with the state-court proceedings because the § 1983 claims are premised on the Township's failure to issue the permits, an issue which state courts have already decided against Elena Gherghel. Rejecting her argument that the Township must issue the necessary building permits despite her failure to obtain a site plan, Judge Gerou held that "Defendant is required to comply with the Charter Township of Canton Code Ordinances which under the circumstances . . . requires site plan approval. . . . In order to receive the appropriate permit to install a fire suppression system, the Township requires a site approval and certificate of occupancy." *Charter Twp. of Canton v. Gherghel*, No. 07-7C291393-B (Mich. Dist. Ct. April 13, 2010) (docket no. 37, ex. M). Judge Talon affirmed that decision, stating, "[i]n reality, the only thing preventing Appellant from complying with

8

the trial court's order and sentence is Appellant's insistence that she does not have to submit a new site plan. . . . Clearly, submitting a site plan is not impossible. For whatever reason, she has decided that she does not need or desire to submit a new site plan." *Charter Twp. of Canton v. Gherghel*, No. 10-004704-01-AR (Mich. Cir. Ct. Mar. 18, 2011) (docket no. 46, ex. T).

Seemingly in support of their argument that *Younger's* first element is not satisfied here (Plaintiffs do not address the specific elements of the *Younger* analysis, making it difficult to tell which element is being addressed), Plaintiffs' contend that *Younger* flat-out does not apply here because Plaintiffs are not seeking to enjoin any state proceedings, but are rather requesting an injunction compelling to Township to issue the necessary permits that relate to property in which they hold an interest. Though creative, this argument is ultimately unavailing. As the Sixth Circuit set forth in *Carroll*, *Younger* abstention applies not just to federal lawsuits expressly seeking to enjoin state court proceedings — query whether a plaintiff would ever be so express in a federal complaint because *Younger* would clearly require abstention — but also to federal cases where adjudication of the claims "interfer[es] with ongoing state proceedings . . . ." *Carroll*, 139 F.3d at 1075 (citing *Younger*, 401 U.S. at 43-44). The Sixth Circuit's decision to stay the federal proceedings in *Carroll*, where the federal action sought only money damages and not injunctive relief, makes very little sense if *Younger* only applies to express attempts to enjoin state-court proceedings.

Plaintiffs also contend that *Younger* does not apply here because the plaintiffs in this action include parties not part of the state proceedings — E&A, LLC and Andri Gherghel — but the state action involves only Elena Gherghel. As the Supreme Court has made clear, *Younger* applies to persons not parties to a state-court proceeding where their

9

interests are intertwined with those of litigants who are parties in the state-court proceedings. *See, e.g.*, *Hicks v. Miranda*, 422 U.S. 332, 348-49 (1975) (holding that interests of owner and those of his employees were intertwined to the extent that district court should have abstained under *Younger* even though owner was not party to state prosecution, stating "[o]bviously, their interests and those of their employees were intertwineds [sic] and, as we have pointed out, the federal action sought to interfere with the pending state prosecution"). Here, the interests of Andri Gherghel and E&A, LLC, a limited liability company with two members (Andri and Elena Gherghel), are the same as those of the state-court defendant (Elena Gherghel).

Moreover, the state action is still pending, even though it may be in the appellate phase. *See Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) ("First, when determining whether state court proceedings involving the plaintiffs are pending, we look to see if the state court proceeding was pending at the time the federal complaint was filed. It remains pending until a litigant has exhausted his state appellate remedies." (citation omitted)); *see also Huffman v. Pursue*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings . . . ."). As stated above, Elena Gherghel has sought leave to appeal her conviction and sentence in the Michigan Court of Appeals. The first element of *Younger* is satisfied.

The second element of *Younger* abstention — that the state action involves important state — is also satisfied. *See, e.g.*, *Carroll*, 139 F.3d at 1075 (finding that state proceedings "involve the state's important interest in enforcing its state and local housing codes"); *Cmty. Treatment Centers*, 970 F. Supp. at 1223-24 ("It is well-established that for abstention purposes, the enforcement and application of zoning ordinances and land-use

regulations is an important state and local interest."). Plaintiffs do not contend otherwise.

The third element — that the state proceedings afford the plaintiff an adequate opportunity to raise constitutional claims — is also satisfied here. The question is not whether the federal plaintiff has in fact raised the constitutional issues in the state court proceedings, but whether he or she *had the opportunity* to do so. *See Moore v. Sims*, 442 U.S. 415, 425 (1979); *Juidice v. Vail*, 430 U.S. 327, 337 (1977). "A federal plaintiff arguing that he had an inadequate opportunity to raise constitutional claims in state court has the burden to show that state procedural law barred presentation of [its] claims." *Tesmer v. Granholm*, 333 F.3d 683, 690 (6th Cir. 2003) (en banc), *rev'd on other grounds*, 543 U.S. 125 (2004) (citation and internal quotation marks omitted). Only if the authority "clearly shows" that state law barred the presentation of the constitutional claims in state court is abstention under *Younger* unwarranted. *Id.* "State courts normally have concurrent jurisdiction of federal issues unless such jurisdiction is withdrawn by federal statute." *CSXT, Inc. v. Pitz*, 883 F.2d 468, 472 (6th Cir. 1989).

Though not clear, it seems that the following constitutional claims are alleged in Plaintiffs' federal complaint: 1) Barrett has selectively enforced the law due to the Gherghels' Romanian ethnicity in violation of equal protection; 2) Barrett violated Plaintiffs' rights to due process by issuing criminal misdemeanor tickets instead of civil notices to correct alleged violations, which Barrett had the option to do; and 3) the Township has violated Plaintiffs' rights to due process by depriving them of their right to operate their property as a non-conforming use; 4) the Township has failed to issue Plaintiffs' the necessary permits in violation of substantive due process. All of these constitutional claims could have been argued in the state proceedings. In fact, it appears that all these arguments, except the one involving selective enforcement, *were* in fact made in some

11

form either at the trial level or on appeal to the Wayne County Circuit Court, but were unsuccessful. While perhaps the arguments were not framed in terms of "due process" in the state proceedings, such arguments *could* have been framed that way nonetheless. The selective enforcement claim could have been raised as well. *See, e.g.*, *People v. Hawley (In re Hawley)*, 238 Mich. App. 509, 512-14 (1999); *People v. Oxendine*, 201 Mich. App. 372, 377 (1993); *People v. Allen*, 158 Mich. App. 472, 477 (1987); *People v. Monroe*, 127 Mich. App. 817, 819-20 (1983). Indeed, Plaintiffs do not argue that they are unable to raise their constitutional arguments in the state proceedings. The third element is satisfied.

Because the three elements of *Younger* are satisfied, the Court must abstain from adjudicating Plaintiffs' claims.[2] Rather than dismiss the action without prejudice, however, the Court will stay the action until the state proceedings have come to an end. *See Deakins v. Monaghan*, 484 U.S. 193, 202-03 (1988); *Adrian Energy Assocs. v. Mich. Public Serv. Commission*, 481 F.3d 414, 424-25 (6th Cir. 2007); *Carroll*, 139 F.3d at 1075-76; *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995). Should Plaintiffs wish to continue their claims against Defendants, they must file a motion to lift the stay once the state proceedings have come to an end, demonstrating that the state proceedings have concluded. At that time, the Court will restore the case to the Court's active docket and convene a status conference to discuss the next step. Defendants will have an opportunity to renew the arguments raised in their motion for summary judgment at that time.[3]

---

[2] As no party has raised whether an exception to *Younger* abstention might apply here, *see Tesmer*, 333 F.3d at 690, the Court does not address them.

[3] While not deciding the motion now, the Court has reviewed the arguments and advises counsel that moving for summary judgment on every conceivable defense despite the defense's inapplicability is far less effective than moving for summary judgment on fewer defenses that arguably have merit and presenting the arguments thoughtfully, completely, and more effectively in the briefing.

III. Defendants' Motion for Sanctions

Defendants have also recently filed a motion against Plaintiffs' counsel under Civil Rule 11, seeking an award of attorneys fees and costs incurred in defending this action. The time for Plaintiffs' to respond to the motion has not passed. Defendants contend that the filing of this action was done for an improper purpose given that all the claims are barred by claim preclusion and all issues raised were litigated in the state proceedings and resolved against Plaintiffs. The Court has not resolved Defendants' arguments regarding issue and claim preclusion because it has decided that the action must be stayed under *Younger*. The Court must resolve the arguments before it considers whether sanctions under Rule 11 are appropriate. Accordingly, the Court will also deny Defendants' motion for sanctions without prejudice to Defendants renewing the motion if and when the stay is lifted and the case returned to the Court's active docket.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion to dismiss on grounds of abstention (docket no. 37) is **GRANTED** in part.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending resolution of the state-court proceedings involving Elena Gherghel.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (docket no. 41) is **DENIED** without prejudice to renewing the arguments should the stay be lifted and the case restored to the Court's active docket at a later time.

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions (docket no. 51) is **DENIED** without prejudice to renewing the arguments should the stay be lifted and the case restored to the Court's active docket at a later time.

**IT IS FURTHER ORDERED** that this action is **CLOSED** for administrative purposes only.

**SO ORDERED.**

                                          s/Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: May 20, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 20, 2011, by electronic and/or ordinary mail.

                                          s/Carol Cohron
                                          Case Manager